1983 Form

# In the United States District Court
# For the Northern District of Alabama

Antonio Spencer

CV-16-BE-1733-S

(Enter above the full name(s) of the
plaintiff(s) in this action)

v

Akeem D. Edmonds
Leon Bollings

(Enter above full name(s) of the
defendant(s) in this action)

I. Previous lawsuits

   A. Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?   Yes (✓)   No ( )

   B. If your answer to A. is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit

         Plaintiff(s): Antonio Spencer

         Defendant(s) D. Fails, Et. Al

      2. Court (if Federal Court, name the district; if State Court, name the county)

         Southern District

      3. Docket Number 15-CV-477-CG-B

      4. Name of judge to whom case was assigned Sonya Bivens

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? **Still pending**

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. Place of present confinement **William E. Donaldson, 100 Warrior Lane Bessemer, AL 35023**

A. Is there a prisoner grievance procedure in this institution?
Yes (✓)  No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (✓)  No ( )

C. If your answer is YES:

1. What steps did you take? **I wrote both Warden III and II Warden Bolling & Warden Miree Administrative Complaint**

2. What was the result? **No Response.**

D. If your answer is NO, explain why not? **N/A**

III. Parties
In item A below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff(s) **Antonio Spencer**

Address **100 Warrior Lane, Bessemer AL 35023**

-2-

In item B. below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the manes, positions, and places of employment of any additional defendants.

B.  Defendant Akeem D. Edmonds
    is employed as Correctional Officer
    at William E. Donaldson Correctional Facility
    100 Warrior Lane Bessemer, AL 35023

C.  Additional Defendants
    Leon Bolling, Warden III
    100 Warrior Lane, Bessemer AL 35023

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include, also, the names of other persons involved, dates and places. *Do not give any legal arguments or cite any cases or statutes.* If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet, if necessary.

(1) Excessive Force claim: On October 4, 2016 I was severely beaten by Officer Akeem D. Edmonds while I was handcuffed. The incident occurred while I was at the Healthcare Unit.

(2) Failure to Protect and Investigate: Warden Leon Bolling is aware of the fact that Officer Edmonds has a history of abusing and beating inmates while their in handcuffs. Yet, Warden Bolling Refuse to discipline officer Edmonds nor Station him elsewhere where he can't be able to abuse

- 3 -

inmates. Warden Bolling have not investigated the incident by talking to me nor has he contacted the Intelligence and Investigations Division so they can launch an investigation on my behalf.

## V. RELIEF

State briefly *exactly* what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(1) Compensative Relief and damages in the amount of $75,000.00 dollars. Punitive damages in the amount of $80,000.00 dollars against Officer Edmonds.

(2) Declaratory and Injunctive Relief against Warden Leon Bolling. See Attached complaint

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10-17-16
 (date)

Antonio Spencer
Signature(s)

- 4 -

In The United States District Court
For The Northern District of Alabama

Civil Complaint

Antonio Spencer
      Plaintiff,

Case No.

v.

Akeem O. Edmonds, et al
      Defendants,

## Jurisdiction/Venue
Trial By Jury Demanded

1. This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure. Plaintiff also seeks relief in money damages.

2. The United States District Court for the Northern District of Alabama is the appropriate venue under 28 U.S.C Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## Plaintiff

3. Plaintiff, Antonio Spencer, is and was at all times mentioned herein a prisoner of the State of Alabama in the custody of the Alabama Department of Corrections. He is currently confined at William E. Donaldson Correctional Facility in Bessemer of Alabama.

## Defendants

4. Defendant, Leon Bolling, is the Warden III at W.E. Donaldson Correctional Facility. He is legally responsible for the operation at Donaldson Corr. Facility and for the welfare of all the inmates in that prison.

5. Defendant, Akeem D. Edmonds, is a Correctional Officer for the Alabama Department of Corrections who, at all times mentioned in this complaint, held the rank of Correctional Officer and was assigned to W.E. Donaldson Correctional Facility.

## Capacity

6. Defendant, Leon Bolling, is being sued in his official capacity. At all times mentioned in this complaint, defendant Bolling was acting under the color of state law.

7. Defendant, Akeem D. Edmonds, is being sued in his individual capacity. At all times mentioned in this complaint, defendant Edmonds was acting under the color of state law.

## Plaintiff's Witnesses

8. Bobby Grier / AIS# 160701
9. Mervyn Jones / AIS# 262911
10. Christopher Dixon / AIS# 214848

11. The Plaintiff's following witnesses is and was at all times mentioned herein a prisoner of the State of Alabama in the custody of the Alabama Department of Corrections. The Plaintiff's witnesses are currently confined at W.E. Donaldson Correctional Facility in Bessemer of Alabama.

## For Clarification Purposes

12. Spencer and all witnesses is and was housed in the Segregation Unit at all times mentioned in this complaint. Spencer brings this important fact to the Court's attention because of the Standard Operating Procedure an officer must abide by when escorting an inmate outside of the Segregation Unit. The Officers must handcuff all inmates to the rear before removing said inmates from their assigned cell to be escorted outside the Segregation unit.

## Facts

13. On October 4, 2016, Spencer was notified by officers that he had a medical appointment in the Health Care Unit. There were other inmates confined in the Segregation Unit who were also scheduled for medical appointments that day. All of the inmates who had medical appointments were to be escorted together to the Health Care Unit.

14. Spencer was handcuffed to the rear and then removed from his assigned cell in E-Block. Afterward, Spencer and a group of inmates was escorted to the Health Care Unit by Officer Bell and Officer Dean.

15. Upon arrival at the Health Care Unit, the escorting officers secured Spencer and all inmates to the metal rings that is fasten in the lower part of the walls behind each designated seats. For clarification, the metal rings are located in the lower part of the wall nearby where your buttocks connect with the seat. The Officer remove one side of the handcuffs from your waist and slips it through the metal ring while you're in a sitting position, and then secure the handcuff back on the inmate's waist. The inmates are attached to the metal ring from the rear. Thus, immobilized.

16. Spencer and all inmates was attached to the metal rings while handcuffed to the rear and seated. Thereby, rendering Spencer and all inmates immobile.

P.5

17. Spencer along with inmates Bobby Grier, Mervyn Jones, and Christopher Dixon were all secured to the metal rings in the walls and seated nearby each other in the same sitting area.

18. The officers who escorted the inmates to the Healthcare Unit, left the inmates who were secured to the metal rings alone by themselves. The escorting officers took the unsecured inmates - as each were called - to the back area of the Healthcare Unit where the medical appointments are held.

19. The escorting officers remained in the back area of the Healthcare Unit with the unsecured inmates and monitored them while the inmates was being seen and examined by the nurses and doctors.

20. While alone and unattended by officers, Spencer and the nearby secured inmates was engaged in a conversation which was humorous in nature.

21. Officer Edmonds noticed Spencer and other inmates laughing and joking as he was walking towards the exiting door in the Healthcare Unit. Officer Edmonds suddenly turned around and hollered out, "Which one of Y'all was talking" and "Y'all find me funny or something"

22. When questioned, Spencer officer Edmonds that he was one of the inmates who was talking and laughing. Officer Edmonds stated to Spencer in an aggressive manner, "You must don't know who I am or who you're f--king with."

23. Afterward, a verbal dispute occurred between Officer Edmonds and Spencer. Officer Edmonds Removed his "Pepperspray/Mace" from his Utility belt. Spencer immediately became silent.

24. However, Officer Edmonds began spraying Spencer in the face and chest area with the chemical agent. While this was occurring, Officer Edmonds was screaming out, "talk that sh-t now Muthaf--ker".

25. Afterward, while Spencer was coughing, heaving, and blinded by the effects from the chemical agent; Officer Edmonds approached Spencer and began punching him in the face and upper body with his fists. Officer Edmonds was still screaming, "Talk all that sh-t now."

26. Officer Bell and Officer Dean Rushed to the scene and Restrained Officer Edmonds. Both Officers kept telling Officer Edmonds to calm down and chill out.

27. Spencer was handcuffed to the rear and attached to the metal ring on the wall throughout the whole episode with Officer Edmonds. Spencer was defenseless and immobilized when he was sprayed and beaten by officer Edmonds.

28. Spencer was examined by a nurse while in the infirmary. Spencer sustained the following injuries: ① Swelling/abrasion to the face; ② Swelling/Abrasion in the upper body areas; ③ temporary blindness and burning sensation of the skin from the chemical agent.

29. On October 5, 2016, Spencer notified Warden Bolling of the incident by administrative complaint. Warden Bolling have not talked to Spencer about the Incident and has failed to launch an investigation to this day.

## Legal Claims

Count I:

30. Plaintiff realleges and incorporate by reference paragraphs 1-29 and state as follows:

31. Defendant Edmonds used unnecessary and unjustified force against Spencer while he was helpless, immobilized, and not posing any significant threat to the officers safety or security. Defendant Edmond's behavior was malicious and sadistic in nature.

P. 8

Defendant Edmond's actions by spraying Spencer in the face with a chemical agent and by beating Spencer in the face and upper body with his fist; these actions by Officer Edmonds was done for the very purpose of causing harm. Spencer asserts that Defendant Edmonds violated his Eighth Amendment Rights by subjecting him to cruel and unusual punishment which the United States Constitution forbids.

## Count II

31. Warden Bolling violated Spencer's Eighth Amendments Rights under the United States Constitution, whereas, Defendant Bolling failed to protect Spencer. Spencer is basing this assertion under the Supervisor liability clause. Officer Edmond has a known Reported history of abusing inmates, which defendant Bolling is aware of. Yet, defendant Bolling has failed to discipline officer Edmonds according to the procedures which governs an officer's "conduct and behavior".

32. Defendant Bolling Refuse to conduct his own investigation nor contact the "Investigation & Intelligence" Division after each reported case of abuse made against Officer Edmonds.

33. Warden Bolling is condoning Officer Edmond's abusive treatment of inmates and Spencer; because he's operating a facility that's understaff and doesn't want to risk losing any officers, even if it means putting inmates lives in danger.

34. Officer Edmonds is a threat to Spencer's safety as well as a threat to the welfare of all inmates who resides at W.E. Donaldson Correctional Facility. This is the Second civil Action filed against Officer Edmonds for Excessive Force/Guard Brutality within a six month period... in the same Federal Court house. See: <u>Christopher Jackson v. Akeen D. Edmonds</u>, 2:16-CV-00815-AKK SEC

35. Defendant Bolling was aware that Edmonds had a history of abusing inmates. If Defendant Bolling would have station Officer Edmonds outside the prison where he couldn't harm inmates, Spencer would have never been beaten by Officer Edmonds.

## Prayer For Relief

Wherefore, Plaintiff respectfully prays that this court enter judgment granting Plaintiff:

36. Compensatory damages in the amount of $75,000.00 dollars against Defendant Akeem D. Edmonds.

37. Punitive damages in the amount of $80,000.00 dollars against defendant Akeem D. Edmonds.

P. 10

38. A declaration that the acts and omissions described herein violated Plaintiff's Rights under the Constitution and laws of the United States.

39. A preliminary and permanent injunction ordering Defendant Bolling to investigate and discipline Officer Edmonds for his abusive behavior. Additionally, to order defendant Bolling to contact the 'Investigation and Intelligence Division' so that division could investigate all reported cases of abuse made against Officer Edmonds.

40. A jury trial on all issues triable by jury.

41. Plaintiff's cost in this suit.

42. Any additional relief this court deems just, proper, and equitable.

Dated 10-17-16

Respectfully Submitted
Antonio Spencer
Antonio Spencer
AIS # 249156-E-8
100 Warrior Lane
Bessemer, AL 35023

Verification

I have Read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct. Executed at Bessemer of Alabama on 10-___-16.

Antonio Spencer