UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO SPENCER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:16-cv-01733-KOB-HNJ |
| AKEEM D. EDMONDS, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The magistrate judge filed a report on January 26, 2018, recommending the court **DENY** defendant Edmonds' motion for summary judgment and **GRANT** defendant Bolling's motion for summary judgment on the plaintiff's Eighth Amendment excessive force claims against them. The magistrate judge further recommended that the court **REFER** the Eighth Amendment excessive force claim against defendant Edmonds to the magistrate judge for further proceedings. Defendant Edmonds filed objections to the report and recommendation on February 9, 2018. (Doc. 18).

Defendant Edmonds argues that summary judgment must be granted in his favor because he "unequivocally denies" the plaintiff's allegations, and "the body chart, Use of Force Report, and witness affidavits" support his "version of events." (*Id.* at 2). He points out the plaintiff did not respond to the special report and

declares the "[p]laintiff has produced nothing, other than his own [self-serving] conclusory allegations" as "proof to support his outrageous allegations." (*Id.*).

Defendant Edmonds' objections are **OVERRULED**. The plaintiff's sworn complaint contains "specific facts" the court must consider in opposition to summary judgment. (Doc. 1 at 8-11); *see Caldwell v. Warden, FCI Talladega,* 748 F.3d 1090, 1098 (11th Cir. 2014) (quoting *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986)). Those facts create a genuine dispute regarding the elements of plaintiff's excessive force claim against Edmonds. In addition, the special report contains the plaintiff's and two other inmates' testimony regarding the excessive force incident. (Doc. 14-2 at 9-11, 14-15). That testimony, presented under oath and based on personal observation, depicts far more than conclusory facts supporting the plaintiff's version of events.

"A non-conclusory affidavit which complies with Rule 56 can create a genuine dispute concerning an issue of material fact, even if it is self-serving and/or uncorroborated." *United States v. Stein*, No. 16-10914, --- F. 3d ---, ----2018 WL 635960, at *5 (11th Cir. Jan. 31, 2018) (en banc). The plaintiff's evidence, as described in the magistrate judge's report, complies with Rule 56 and creates a genuine dispute of material fact as to his excessive force claim against defendant Edmonds. Thus, the self-serving and/or uncorroborated nature of the evidence does not matter.

Further, "in ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and defendant Edmonds' objections, the court hereby **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The court finds that no genuine issues of material fact exist regarding the plaintiff's Eighth Amendment excessive force claim against defendant Bolling; GRANTS defendant Bolling's motion for summary judgment and ENTERS SUMMARY JUDGMENT in favor of defendant Bolling and against the plaintiff.

The court DENIES Edmonds' motion for summary judgment because genuine issues of material fact exists regarding plaintiff's Eighth Amendment excessive force claim against defendant Edmonds. This matter is **REFERRED** to the magistrate judge for further proceedings against defendant Edmonds.

DONE and ORDERED this 21st day of March, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE