UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO SPENCER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:16-cv-01733-KOB-HNJ |
| AKEEM D. EDMONDS, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This matter comes before the court on Defendant Akeem Edmonds's second motion for summary judgment. (Doc. 47.) This Eighth Amendment excessive-force case stems from events that occurred outside the infirmary of an Alabama Department of Corrections facility on October 4, 2016, when Officer Edmonds engaged in a verbal and physical scuffle with Plaintiff Antonio Spencer. During the fracas, as Mr. Spencer remained handcuffed to a concrete bench, Officer Edmonds pepper-sprayed Mr. Spencer in the face and then, allegedly, struck him multiple times on the head.

Based on these facts, Magistrate Judge Herman Johnson recommended that this court deny Officer Edmonds's first motion for summary judgment because Mr. Spencer "posed no threat to defendant Edmonds nor could Edmonds have reasonably perceived one." (Doc. 17 at 17.) This court adopted Judge Johnson's report and recommendation and denied Officer Edmonds's first summary judgment motion. (Doc. 20.)

Following discovery, Officer Edmonds brings the instant motion based on nearly identical evidence to that which he provided with his first motion for summary judgment. The sole difference is that now Officer Edmonds has produced evidence demonstrating that at the

1

time, only one, rather than both, of Mr. Spencer's hands was cuffed to the concrete bench. (Doc. 48 at 2–8.) On this distinction alone, Officer Edmonds once again asks the court to grant summary judgment regarding Mr. Spencer's excessive force claim. But because whether one or two of Mr. Spencer's hands were attached to the bench only negligibly affects the excessive force analysis under the Eighth Amendment, the court will DENY Officer Edmonds's motion.

**Background**

Because Magistrate Judge Herman Johnson's report and recommendation of January 26, 2018 thoroughly explains all the relevant facts of this case (Doc. 17 at 4–13), the court will not exhaustively recount them again here. To briefly summarize, Mr. Spencer's claim derives from a confrontation that occurred in a room just outside the infirmary of the William E. Donaldson Correctional Facility in Jefferson County, Alabama on October 4, 2016. Although the parties disagree about many details of what happened that day, they jointly stipulate to the following facts.

As Mr. Spencer sat handcuffed to a concrete bench alongside two other inmates, Officer Edmonds walked past the bench on his way out of the room. Until this moment, the two parties had never met. One of the inmates (Mr. Spencer, according to Officer Edmonds) said something provocative to Officer Edmonds, who turned around and began arguing with Mr. Spencer. Physical blows soon followed (although the parties disagree about who hit whom, as well as the the duration, number, and force of the blows). Officer Edmonds then sprayed Mr. Spencer in the face with pepper spray. Immediately following the incident, a corrections facility nurse noted small cuts on Mr. Spencer's right elbow, wrist, and palm; photographs of Mr. Spencer taken at the time appear to show no other evidence of physical harm.

That afternoon, Officer Edmonds charged Mr. Spencer with "Assault on a Person associated with the ADOC" for "assault[ing] Officer Edmonds with your free hand while you were handcuffed to the concrete bench in the infirmary." (Doc. 14-2 at 14.) At the disciplinary hearing on October 17, 2016, after considering testimony from Officer Edmonds, Mr. Spencer, and an eyewitness inmate, the hearing officer found Mr. Spencer guilty of assaulting Officer Edmonds. (Doc. 14-2.)

On October 24, 2016, Mr. Spencer, appearing *pro se*, filed a verified complaint against both Officer Edmonds and the facility's warden, Leon Bolling. (Doc. 1.) On January 19, 2017, Magistrate Judge Harwell Davis solicited a special report, deemed a pre-discovery motion for summary judgment, from both Defendants. (Doc. 6.) On May 19, 2017, the two Defendants filed the report, along with affidavits and other evidence, pursuant to Federal Rule of Civil Procedure 56. The special report included statements from inmate eye-witnesses and both Defendants, as well as a medical report from the nurse who attended to Mr. Spencer following the dispute. (Docs. 14, 14-1, 14-2.)

Based on Mr. Spencer's sworn complaint and the evidence presented in the Defendants' report (most of which apparently derived from the October 17, 2016 ADOC hearing), Magistrate Judge Herman Johnson, who had recently assumed responsibility for the case, recommended granting Warden Bolling's motion and denying Officer Edmonds's motion. (Doc. 17.) *See Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (holding that a court adjudicating a motion for summary judgment must consider specific facts pled in a *pro se* inmate plaintiff's sworn complaint).

In recommending a denial of Officer Edmonds's motion, Judge Johnson noted that Mr. Spencer "posed no threat to defendant Edmonds" (Doc. 17 at 17) because Mr. Spencer was

handcuffed to a bench. Although Mr. Spencer's verified complaint does not expressly state that both of his hands were cuffed to the bench at all relevant times, the complaint describes the concrete bench as having

> metal rings [which] are located in the lower part of the wall nearby where your buttocks connect with the seat. The Officer remove[s] one side of the handcuffs from your wrist and slips it through the metal ring while you're in a sitting position, and then secure the handcuff back on the inmate's wrist. The inmates are attached to the metal ring from the rear[,] [t]hus, immobilized.

(Doc. 1 at 8.) Magistrate Judge Johnson reasonably interpreted this description of the bench to mean that both of Mr. Spencer's hands were handcuffed. (Doc. 17 at 16.)

The court adopted Judge Johnson's report and recommendation on March 21, 2018, dismissing Warden Bolling from the case but permitting Mr. Spencer's Eighth Amendment claim against Officer Edmonds to proceed. (Doc. 20.) Mr. Spencer acquired counsel on May 4, 2018. (Docs 21–23.) Following discovery, Officer Edmonds filed the instant motion on April 25, 2019 (Doc. 47), and Mr. Spencer filed his opposition brief on May 16, 2019 (Doc. 52).

Officer Edmonds's motion includes no substantively different arguments than what appeared in his first motion for summary judgment. The instant motion merely highlights the fact that Mr. Spencer explained during his deposition that only his right hand was cuffed to the concrete bench during the altercation. (Doc. 48 at 1–8.) Because Mr. Spencer was physically capable of partially standing up and exchanging blows with his left hand, Officer Edmonds argues, the court should grant his summary judgment motion. (*Id.* at 7.)

**Standard**

A district court reviewing a motion for summary judgment under Fed. R. Civ. P. 56 must consider whether any genuine issues of material fact exist, and, if not, whether the moving party is entitled to judgment as a matter of law. The moving party "always bears the initial

4

responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

The court must refrain from weighing the evidence and making credibility determinations, because these decisions fall within the province of the jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). All evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham v. State Farm Mut. Ins.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

**Analysis**

The disposition of Officer Edmonds's motion for summary judgment regarding Mr. Spencer's Eight Amendment claim does not turn on Mr. Spencer's hand placement. Instead, the "core judicial inquiry" in an Eighth Amendment excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (holding that prison guards' gratuitous beating of an inmate, even without serious injuries, violated the inmate's Eighth Amendment rights).

To determine whether a defendant applied force maliciously and sadistically to cause harm, courts consider "a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response." *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir.

5

2009). *See also Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (outlining a virtually identical set of five factors).

According to the testimony of Mr. Spencer and another inmate, someone insulted Officer Edmonds as he walked through the room where Mr. Spencer sat handcuffed to a concrete bench. (Doc. 14-2 at 9–11.) Officer Edmonds wheeled around, and the two men engaged in profane and vulgar discourse for several seconds before Officer Edmonds pepper-sprayed Mr. Spencer in the face and then beat him in the head. (*Id.* at 10.)

Based on these alleged facts, a reasonable jury could conclude that Officer Edmonds applied force maliciously and sadistically, rather than in a good-faith effort to restore or maintain order. The only *Fennell* factor that appears to be unmet in this case is the third factor, as the evidence suggests that Mr. Spencer experienced only modest injuries. (Doc. 14-2 at 4–8.) *See Fennell*, 559 F.3d at 1217 (explaining that "the extent of the injury inflicted upon the prisoner" is one of the five relevant factors a court must consider). Although Officer Edmonds argues that Mr. Spencer's injuries are *de minimis*, the Supreme Court has held that, in the excessive force context, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *See Wilkins*, 559 U.S. at 38.

If the jury believes the inmates' testimony, Mr. Spencer did nothing to cause a disturbance, present a threat to security or order, or threaten the safety of staff or other inmates. *Cf. Danley v. Allen*, 540 F.3d 1298, 1308 (11th Cir. 2008) (explaining that an inmate "created a disturbance by failing to obey orders, and the jailers' initial use of pepper spray was a reasonable response to that threat."). If, as the inmates contend, Mr. Spencer only engaged in a verbal dispute with Officer Edmonds, Officer Edmonds should have felt no need to either pepper-spray

6

Mr. Spencer's face or strike him in the head—regardless of whether one of both of Mr. Spencer's hands were cuffed to the bench.

Although Officer Edmonds disputes Mr. Spencer's account of what occurred that day, at this procedural stage, the court must view all facts in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Because credibility determinations are the province of a jury, a district court cannot grant a summary judgment motion based on credibility of the evidence "[e]ven if the district court believes that the evidence presented by one side is of doubtful veracity." *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006). Based on this standard and the evidence before the court, a genuine issue of material fact exists as to whether Officer Edmonds violated Mr. Spencer's Eighth Amendment rights.

As a final matter, Officer Edmonds argues that he is entitled to qualified immunity regarding the events of October 4, 2016. (Doc. 48 at 11–12.) Although no *per se* rule exists barring qualified immunity in Eighth Amendment cases, the defense of qualified immunity is never appropriate if a plaintiff can show a genuine issue of material fact regarding his excessive force claim. *Bowden v. Stokely*, 576 F. App'x 951, 955 (11th Cir. 2014); *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). Because Mr. Spencer has demonstrated that genuine issues of material fact exist regarding his excessive force claim, Officer Edmonds is not entitled to the defense of qualified immunity.

**Conclusion**

Because a genuine issue of material fact exists regarding Mr. Spencer's Eighth Amendment claim, an entry of summary judgment is improper. The court will DENY Officer

Edmonds's motion for summary judgment (Doc. 47) and enter a separate order accompanying this memorandum opinion.

DONE and ORDERED this 13th day of March, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE